

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00499-CR

Bryant **KENDRICK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 18-07-12941-CR
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: January 11, 2023

AFFIRMED

A jury convicted Bryant Kendrick of aggravated assault on a public servant causing serious bodily injury. After Kendrick plead true to a single enhancement, the trial court sentenced Kendrick to 45 years confinement and imposed a $5,000 fine. On appeal, Kendrick asserts two issues: (1) the trial court erred in conducting a portion of the trial in Kendrick's absence; and (2) Kendrick should receive a new trial because the juror qualifications and exemptions portion of the trial was lost. We affirm.

## BACKGROUND

On October 11, 2021, at 9:19 a.m., the trial court commenced trial proceedings by asking the parties to announce. The State announced, "The State is ready, Your Honor." Kendrick's counsel announced, "The defense is ready, Your Honor." The trial court then swore in the venire and assessed juror qualifications and exemptions at the bench. Juror qualifications and exemptions were not recorded by the court reporter; rather, the record states, "(At the bench off the record)." The trial court completed juror qualifications and exemptions by 9:57 a.m. and announced a thirty-minute break. At 10:43 a.m., the trial court commenced voir dire by asking the parties to identify themselves for the record. After the State's announcements, Kendrick's counsel stated, "Robert Bland for the defense and Brian Kendrick the defendant." Kendrick later took the stand in his own defense.

## RIGHT TO PERSONAL PRESENCE AT TRIAL

In his first issue, Kendrick asserts the trial court erred in considering juror qualifications and exemptions in his absence. Article 33.03 of the Texas Code of Criminal Procedure provides in relevant part:

> In all prosecutions for felonies, the defendant must be personally present at the trial . . . When the record in the appellate court shows that the defendant was present at . . . any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial.

TEX. CODE CRIM. PROC. art. 33.03. Here, it is undisputed that Kendrick's trial commenced prior to juror qualifications and exemptions because jurors were assigned to Kendrick's case rather than convened as part of a general assembly. Therefore, Kendrick's presence was required while the trial court conducted juror qualifications and exemptions.

Importantly, Kendrick does not argue that he was not actually present in the courtroom at that time. Rather, Kendrick argues the record does not expressly reflect his presence at that time.

The record, however, does reflect Kendrick's presence during the trial when he was introduced to the jury at the commencement of voir dire. Kendrick also took the stand in his own defense. Therefore, we are required to presume he was present during juror qualifications and exemptions absent evidence to the contrary. *Id.*; *see also Bridge v. State*, 726 S.W.2d 558, 572 (Tex. Crim. App. 1986) (requiring evidence to rebut presumption of appellant's presence during the whole trial where appellant was present at portion of trial). Kendrick offers no evidence to rebut this presumption. We overrule Kendrick's first issue.

### LOST RECORD

In his second issue, Kendrick asserts the court reporter's failure to transcribe all proceedings resulted in the qualifications and exemptions portion of the transcript being "lost." Kendrick contends he is entitled to a new trial. A new trial is required if: (1) appellant has timely requested a reporter's record; (2) a significant portion of the reporter's record is lost or destroyed at no fault of the appellant; (3) the lost or destroyed portion is necessary to resolution of the appeal; and (4) the lost or destroyed portion of the reporter's record cannot be replaced by agreement of the parties. *See* TEX. R. APP. P. 34.6(f); *Nava v. State*, 415 S.W.3d 289, 305–07 (Tex. Crim. App. 2013) (discussing the lost record rule).

The lost record rule "by its plain wording, clearly applies only in situations in which a portion of the proceedings was recorded, but was later lost or destroyed. When the complaining party cannot show that the court reporter ever *recorded* the missing proceedings, he is not entitled to a new trial . . ." *Williams v. State*, 937 S.W.2d 479, 486 (Tex. Crim. App. 1996) (construing predecessor to Texas Rule of Appellate Procedure 34.6(f)) (emphasis in original). In stating "(At the bench off the record)," the record establishes the court reporter did not take a record of the qualifications and exemptions portion of trial, and Kendrick offers no evidence to the contrary.

Thus, there was no recording to be "lost," and Kendrick is not entitled to a new trial under the lost record rule. *See Williams*, 937 S.W.2d at 486.

Moreover, to preserve error on a claim that the court reporter failed to record certain proceedings, a defendant must make an objection to the trial court. *Id.* at 487. Kendrick made no objection to the court reporter's failure to transcribe juror qualifications and exemptions. We overrule Kendrick's second issue.

#### CONCLUSION

Having overruled Kendrick's issues, the judgment of the trial court is affirmed.

Lori I. Valenzuela, Justice

DO NOT PUBLISH